[No. 733-2. Division Two. July 3, 1973.]

THE STATE OF WASHINGTON, *Appellant*, v. KENNETH LEROY PYLES, *Respondent*.

C. Brent Nevin, Prosecuting Attorney, and Frederick J. Stoker, Chief Deputy, for appellant.

Dale W. Read (of Read, Wolfe, Hannan & Mercer), for respondent.

ARMSTRONG, J.—The state appeals from an order granting an arrest of judgment after a jury verdict of guilty of manslaughter.

The appeal tests both the timeliness and the merits of the defendant's challenges that the information failed to charge a crime. We hold (1) the defendant's challenges that the information failed to charge a crime were timely, (2) the information did not charge the crime of manslaughter because the negligent homicide statute, where applicable, preempts the manslaughter statute, and (3) the information cannot be deemed amended to conform to the evidence.

The evidence showed that Kenneth LeRoy Pyles, the defendant and respondent, worked for the Western Electric Company in Vancouver. At the end of his shift on November 12, 1971, he and a companion hurried to his automobile in an attempt to get out of the company parking lot and avoid the rush. As he was driving toward the gate Pyles was stopped by a security guard. The guard told him to be careful coming out of the parking lot. Pyles answered, "Sure, okay" and the guard stepped back. Pyles proceeded forward. The guard then yelled, "Hey" and took a few quick steps to stay alongside the automobile, reached inside

and grabbed the steering wheel. A struggle for control of the automobile between Pyles and the guard ensued as Pyles continued to accelerate up to, at the most, 20 miles per hour. Each eyewitness testified that the acceleration was normal. During the struggle for control, the automobile headed for a stop sign in the parking lot. Pyles pulled the steering wheel to the right to avoid the sign and the guard fell off the automobile. He struck the pavement and died 5 days later as a result of the head injuries received.

At the close of the state's case the defendant moved to dismiss on two grounds: (1) the evidence was insufficient to prove manslaughter, and (2) the information did not charge the proper crime. The court denied the motion to dismiss, finding that there was sufficient evidence to prove manslaughter and that the defendant's challenge that the information failed to charge a crime was not timely. The trial continued and the jury returned a verdict of guilty of manslaughter. The defendant then made a timely motion for arrest of judgment pursuant to CrR 101.04W (c)[1] and, in the alternative, for a new trial on the ground of insufficiency of the evidence to go to the jury. The trial court granted the motion in arrest of judgment without prejudice to filing a new information charging negligent homicide on the ground that the prosecutor had no authority to charge manslaughter. The court then denied the motion for new trial. From the order arresting the judgment the state appeals.

The state's first contention is that the defendant did not make a timely challenge that the information failed to charge a crime. We disagree. Objections to the sufficiency or definiteness of an information must be made before the trial commences. *State v. Thomas*, 73 Wn.2d 729, 440 P.2d 488 (1968). However, an objection that the information

---

[1]CrR 101.04W (c) provides in relevant part:

"Judgment may be arrested on the motion of the defendant for the following causes:

". . .

"(2) That the facts as stated in the indictment or information do not constitute a crime or misdemeanor;"

fails to state a crime may be made at any time. *Seattle v. Morrow*, 45 Wn.2d 27, 273 P.2d 238 (1954). Thus the defendant properly and timely raised his objection both at the close of the state's case and in his motion to arrest the judgment under CrR 101.04W(c).

The state's next contention is that the court erred in holding that the information improperly charged manslaughter. The state argues that manslaughter is the proper crime to charge when the victim's death is caused by the negligent act of the defendant inflicted during a struggle with the victim. Insofar as the act is not the negligent operation of a motor vehicle, we agree. The information charged:

That he, the said Kenneth LeRoy Pyles did, in the County of Clark, State of Washington, on or about the 12th day of November, 1971, unlawfully and feloniously, without premeditation or intent, negligently carry Joe H. Brandenburg, a human being, on his automobile, causing said Joe H. Brandenburg to fall or be thrown therefrom and upon the ground thereby mortally injuring said Joe H. Brandenburg from which injuries said Joe H. Brandenburg languished and died on or about November 17, 1971.

Although the information states neither the crime charged nor the citation of the statute which the defendant is alleged to have violated, it charges that death ensued as a result of the defendant's negligently carrying the victim on his automobile. Thus, the state argues, it charges manslaughter under RCW 9.48.060.

In *State v. Collins*, 55 Wn.2d 469, 348 P.2d 214 (1960), the defendant, while operating a motor vehicle, struck and killed a pedestrian in a crosswalk. He was charged with negligent homicide by means of a motor vehicle under RCW 46.56.040.[2] By leave of court the state

[2]The negligent homicide statute, recodified as RCW 46.61.520, provides in relevant part: "When the death of any person shall ensue within three years as a proximate result of injury received by the driving of any vehicle by any person while under the influence of or affected by intoxicating liquor or narcotic drugs as defined in chapter

amended the information to charge manslaughter under RCW 9.48.060. The defendant then demurred and moved to dismiss on the ground that the negligent homicide statute was preemptive and all homicides by means of a motor vehicle must be charged thereunder. The trial court dismissed the information and the Supreme Court affirmed, stating at page 470:

We hold that in all cases where the negligent homicide statute is applicable, it supersedes the manslaughter statute. This not only accords with the rules of statutory construction, but is the interpretation necessary to satisfy the requirements of the fourteenth amendment to the Federal constitution requiring equal protection of the law for all persons. The principle of equality before the law is inconsistent with the existence of a power in a prosecuting attorney to elect, from person to person committing this offense, which degree of proof shall apply to his particular case.

The issue we must decide in the case at bench is: was the negligent homicide statute applicable to the facts of this case? We hold that the negligent homicide statute was applicable and additionally that the information charged neither manslaughter nor negligent homicide.

We turn first to a discussion of when the negligent homicide statute is applicable. We believe that the negligent homicide statute, RCW 46.61.520, preempts the manslaughter statute, RCW 9.48.060, whenever there is substantial evidence that the victim's death occurred as a proximate result of the operation of any vehicle by any person (1) while under the influence of or affected by intoxicating liquor, narcotic drugs or dangerous drugs, or (2) in a negligent manner, no matter what degree of negligence is involved. Of course, to secure a conviction under RCW 46.61 .520 for any degree of negligence in the operation of a vehicle the state must prove that the defendant operated the vehicle in a reckless manner or with disregard for the safety of others. *State v. Eike,* 72 Wn.2d 760, 435 P.2d 680 (1967).

---

69.33 RCW or dangerous drugs as defined in chapter 69.40 RCW or by the operation of any vehicle in a reckless manner or with disregard for

█ We believe this construction of RCW 9.48.060, RCW 46.61.520 and the term "applicable" as used in *State v. Collins, supra,* is consistent with the legislative intent of both enactments. A comprehensive legislative history of the negligent homicide statute is given in Justice Donworth's dissenting opinion in *State v. Eike, supra,* and need not be repeated here. It is sufficient to state that the manslaughter statute was first enacted in 1854, the negligent homicide statute in 1937. The latter statute was the legislative response to both the aggravated problem of motor vehicle traffic and the reluctance of juries to convict automobile drivers of manslaughter. *State v. Collins, supra.* From 1937 to 1970 both crimes carried identical penalties of imprisonment in the state penitentiary for not more than 20 years, or by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $1,000, or by both fine and imprisonment. While the degree of negligence required to convict under manslaughter is ordinary negligence, *State v. Hedges,* 8 Wn.2d 652, 113 P.2d 530 (1941), a showing of a higher degree of negligence is required to convict under the negligent homicide statute. *State v. Partridge,* 47 Wn.2d 640, 289 P.2d 702 (1955).

█ In 1970 the legislature passed a single act which amended both the manslaughter statute and the negligent homicide statute. Laws of 1970, ch. 49 lowered the maxi-homicide statute. Laws of 1970, ch. 49, lowered the maxi-penitentiary and reaffirmed the 20-year maximum for manslaughter with its lesser degree of proof.[3] Combining the legislative history of both statutes with this 1970 enactment, we perceive a legislative intent to impose upon the operator of a motor vehicle both the lesser penalty and the lesser stigma which a negligent homicide conviction carries

the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle."

[2]In *State v. Forler,* 38 Wn.2d 39, 227 P.2d 727 (1951), the Supreme Court held that the defendant was not prejudiced when the allegations of the information would support a conviction of either manslaughter or negligent homicide because the penalty prescribed for each was identical. In view of *State v. Collins,* 55 Wn.2d 469, 348 P.2d 214 (1960)

when that operator causes a death. Accordingly, prosecuting attorneys have no choice and must charge negligent homicide, with its lesser penalty, in all cases where there is substantial evidence that death occurred as a proximate result of the operation of any vehicle by any person (1) while under the influence of or affected by intoxicating liquor, narcotic drugs or dangerous drugs, or (2) in a negligent manner, no matter what degree of negligence is involved. The legislature intended, we believe, that whenever mere negligent operation of any vehicle causes a death, no felony occurs.[4] Furthermore, this holding is necessary to satisfy the requirements of the Fourteenth Amendment's guarantee of equal protection. *State v. Collins, supra.* A prosecuting attorney may not charge one person with manslaughter (20-year maximum penalty) and another with negligent homicide (10-year maximum penalty) for the same act committed under the same circumstances. *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970); *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956).

The information in the instant case charged that the act of the defendant which caused the death was negligently carrying the victim on his automobile. This is a charge of negligent operation of a motor vehicle and is not sufficient to support a charge of either negligent homicide or manslaughter. *State v. Eike, supra; State v. Collins, supra.* Thus, the trial court properly dismissed the information.

 The state's final contention is that, under CrR 101.04W(b), the information must be deemed amended to

and Laws of 1970, ch. 49, we believe this is no longer the law in this jurisdiction.

[4] The information in the case at bench charges neither reckless driving under RCW 46.61.500 nor operation of a motor vehicle in a negligent manner under RCW 46.61.525. Reckless driving requires an allegation and proof of willful or wanton disregard for the safety of persons or property. Operation of a motor vehicle in a negligent manner requires an allegation and proof that the defendant operated a motor vehicle in a negligent manner *over and along the public highways of this state.*

conform to the evidence.[5] The state argues that the evidence proved the crime of manslaughter because a reasonable inference from the evidence would be that the defendant physically threw the victim to the ground.

This is not a proper case for allowing the information to be amended under CrR 101.04W(b) because the defendant would be prejudiced in a substantial right, *i.e.*, he would be denied equal protection of the law. The thrust of this opinion is that if the facts of the case will support a charge of negligent homicide, the prosecutor must charge negligent homicide. The legislature intended to create two separate and mutually exclusive crimes. The Fourteenth Amendment does not allow the prosecutor, *at any time,* to make a choice between manslaughter and negligent homicide. *State v. Collins, supra; Olsen v. Delmore, supra.*

Judgment of dismissal affirmed.[6]

PEARSON, C.J., and PETRIE, J., concur.

Petition for rehearing denied August 10, 1973.

Review denied by Supreme Court September 25, 1973.

---

[5] CrR 101.04W(b) provides in relevant part: "An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant is prejudiced in a substantial right."

[6] Because the issue was not raised in the trial court nor in this court, we express no opinion as to whether a retrial of this defendant, charging negligent homicide, would amount to double jeopardy. The question should not be decided until it is fully briefed and argued. *See State v. Palmer,* 5 Wn. App. 405, 409, 487 P.2d 627 (1971).