[No. 14711–1–I. Division One. September 30, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v.
MARTIN BECK, *Appellant.*

*Fisher, Patterson & Metcalf* and *David G. Metcalf,* for appellant.

*David F. Thiele, Prosecuting Attorney,* and *William H. Hawkins, Deputy,* for respondent.

SCHOLFIELD, J.—Martin Beck appeals his conviction for driving while under the influence (DWI) under RCW 46.61.502,[1] alleging he was denied equal protection of the law by the trial court's refusal to instruct on the defense that he had moved his vehicle safely off the roadway, as provided in RCW 46.61.504.[2] The State cross-appeals, contending that Beck's appeal to superior court should have been dismissed for failure to comply with RALJ 2.5(a). We affirm.

## FACTS

On September 13, 1980, Beck was observed by two Island County sheriff's deputies as he drove his pickup truck off a public road onto a graveled parking area. The officers drove into the parking area to talk to Beck. His truck's motor was running and the lights were on. In reply to questions, Beck said that he had stopped merely to relieve himself and that he planned to continue on to a friend's house. The officers smelled the odor of alcohol and saw containers of beer in both the bed and cab of the truck. Beck was unable to successfully perform roadside sobriety tests. He was 18 years old at the time, and was charged with driving while under

---

[1]RCW 46.61.502 provides in part:

"A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within this state while:

"(1) He has 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis . . . or

"(2) He is under the influence of or affected by intoxicating liquor or any drug . . ."

[2]RCW 46.61.504 provides:

"A person is guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug if he has actual physical control of a vehicle within this state while:

"(1) He has a 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis . . . or

"(2) He is under the influence of or affected by intoxicating liquor or any drug . . .

". . .

". . . No person may be convicted under this section if, prior to being pursued by a law enforcement officer, he has moved the vehicle safely off the roadway."

the influence of alcohol.

Trial was originally scheduled for November 18, 1980. After several continuances, Beck was convicted in district court on March 20, 1981. On March 30, 1981, he filed a notice of appeal in district court. The State contends Beck never filed a notice of appeal in superior court, although a copy of his notice of appeal filed in district court was transmitted to superior court as an attachment to the district court transcript and was received by the superior court on April 6, 1981. Apparently, the superior court clerk did not set a trial date. Approximately 2 years 4 months passed before Beck made a motion to dismiss the case on the grounds that he had been denied a speedy de novo trial. The State moved for dismissal of the appeal for lack of prosecution. On October 7, 1983, Beck's motion to dismiss the charge and the State's motion to dismiss the appeal were heard and denied. The matter was then assigned a trial date, and Beck was tried by a jury and convicted in April 1984.

## EQUAL PROTECTION

Beck assigns error to the refusal of the trial court to instruct the jury that moving the vehicle safely off the roadway prior to his being pursued by a law enforcement officer is a defense to a charge of driving while intoxicated. Beck argues that the failure to so instruct denies him equal protection[3] of the law because the State will always charge DWI rather than physical control in any case where the facts show the defense is applicable. Beck argues that DWI and physical control defendants should be treated as one class. He reasons that when the defense can be proven,

---

[3]Article 1, section 12 of the state constitution reads as follows:

"No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

The fourteenth amendment to the Constitution of the United States provides, in part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; . . . nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. 14, § 1.

there is no point in charging physical control, so the State will always try to prove driving while intoxicated. Thus, the only way a person in Beck's position can ever have the defense available is for the law to apply the defense to both DWI and physical control prosecutions.

Beck cites *State v. Collins*, 55 Wn.2d 469, 348 P.2d 214 (1960), which holds that the principle of equality before the law is violated when the State can elect to charge manslaughter or negligent homicide (which require different degrees of proof) every time a person is to be charged with causing a death by an automobile.

*State v. Pyles*, 9 Wn. App. 246, 252, 511 P.2d 1374 (1973) holds equal protection is violated when the State can charge "one person with manslaughter (20-year maximum penalty) and another with negligent homicide (10-year maximum penalty) for the same act committed under the same circumstances."

The basis for the holding in *Collins* and *Pyles* is that persons in the same classification (guilty of the same conduct) can be treated differently under the law if the State has unfettered discretion as to which statute will be charged.

These cases are not controlling here because there are material differences between driving while under the influence and physical control of a vehicle. The law can constitutionally place persons in physical control of a vehicle in one classification and persons driving under the influence in another. Physical control means the defendant is in a position to physically regulate and determine movement or lack of movement of the vehicle. To be guilty of driving while intoxicated, the driver must be in physical control and also "must have had the vehicle in motion at the time in question.'" *McGuire v. Seattle*, 31 Wn. App. 438, 442, 642 P.2d 765 (1982) (quoting Annot., 47 A.L.R.2d 570, 572 (1956)), *review denied*, 98 Wn.2d 1017 (1983).

There being no contention that this case involves a suspect class or a fundamental right, we apply the rational relationship test: (1) whether the classification applies alike

to all members within the class; (2) whether there is some basis in reality for distinguishing between those within and those without the class; and (3) whether the challenged classifications have any rational relation to the purpose of the challenged statute. *Myrick v. Board of Pierce Cy. Comm'rs,* 102 Wn.2d 698, 701, 677 P.2d 140, 687 P.2d 1152 (1984).

Beck's argument focuses on the first part of the test, alleging that prosecutorial discretion results in applying the law unequally to different members within the class. A class consists of those persons arrested for being in control of a vehicle while intoxicated. Beck argues that in most cases, such a person will be charged with DWI and thus denied his defense provided in RCW 46.61.504. The answer to this contention is that there is no equal protection violation where a person can be charged under two different statutes describing two offenses which are different because the elements are different. *State v. Wanrow,* 91 Wn.2d 301, 312, 588 P.2d 1320 (1978).

In regard to step (2), there is a basis in reality for distinguishing between those within the class (*i.e.,* those found intoxicated while in physical control of the vehicle) and those not in the class. This legislative scheme encourages intoxicated drivers to voluntarily pull off the highway. The classification thus bears a rational relation to the purpose of the statute.

The charge of driving while under the influence was clearly appropriate here because the officers observed Beck driving on the roadway just before he pulled off into the parking area. Thus, the trial court did not err in refusing to instruct on a defense which is applicable only in certain cases where persons are charged of being in actual physical control of a vehicle while under the influence.

## CROSS APPEAL

The State contends on cross appeal that Beck's appeal should have been dismissed for failure to comply with RALJ 2.5(a). We have elected to address the principal con-

tention of Beck and, having decided to affirm his conviction, do not reach the issue raised by the cross appeal.
Judgment affirmed.

CORBETT, C.J., and COLEMAN, J., concur.

Review denied by Supreme Court January 10, 1986.