[No. 6885-4-III.   Division Three.   April 1, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT HAZZARD, *Petitioner.*

*Roger K. Garrison,* for petitioner.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

McINTURFF, A.C.J.—Robert Hazzard appeals the Superior Court's affirmance of his district court conviction of driving while intoxicated (DWI). We accepted discretionary review because the issue presented is one "of public interest which should be determined by an appellate court." RAP 2.3(d)(3). Specifically, is it a defense to DWI if a defendant moves his vehicle safely off the roadway before a law enforcement officer signals him to stop, but after the officer has observed him driving? We hold it is not.

Mr. Hazzard has filed a narrative report of the district court trial on the DWI charge. According to that report, he stipulated that he was under the influence at the time of his arrest and that the Breathalyzer reading of .19 percent was admissible. Washington State Patrol trooper Gary Hughes testified he observed Mr. Hazzard's vehicle travel-

ing about 35 miles per hour in a 50–miles–per–hour zone and weaving onto the shoulder of the road. He decided to stop the car, but before he could do so, Mr. Hazzard signaled for a left turn and turned into a driveway. He had driven only one–fourth to one–half mile from the place the trooper first saw him.

Mr. Hazzard testified that he is 51 years old, employed as a dairy salesman, and on the date in question he had spent several hours with a potential customer during which he had consumed alcohol. After completing his business, he got into his car to drive the 6 miles to his home. He traveled a short distance, realized his driving was affected, and turned into the driveway of his daughter's house, which was on his route home.

In both his appeal in the Superior Court and in his appeal here, Mr. Hazzard argued RCW 46.61.504(3), under the physical control statute, is applicable to charges of driving while intoxicated. That statute provides: "No person may be convicted under this section if, prior to being pursued by a law enforcement officer, he has moved the vehicle safely off the roadway." He also argued that his conviction represented a denial of equal protection under our state and federal constitutions.

Prior to 1979, the crimes of driving while intoxicated and being in actual physical control of a motor vehicle while intoxicated were prohibited by one statute: RCW 46.61-.506(1). In Laws of 1979, 1st Ex. Sess., ch. 176, the Legislature separated the offenses by enacting RCW 46.61.502, driving while under the influence, and RCW 46.61.504, the physical control statute. The final paragraph of the DWI statute provides:

> The fact that any person charged with a violation of this section is or has been entitled to use such drug under the laws of this state shall not constitute a defense against any charge of violating this section.

The final paragraph of the physical control statute contains the same language and, in addition, states: "No person may be convicted under this section if, prior to being pursued by

a law enforcement officer, he has moved the vehicle safely off the roadway." The question presented is whether this latter language is also applicable to prosecutions under the DWI statute.

Both parties rely on rules of statutory construction to support their respective contentions concerning the Legislature's intent in this regard. Mr. Hazzard points out that "[t]he spirit or purpose of an enactment should prevail over the express but inept wording." *State v. Burke,* 92 Wn.2d 474, 478, 598 P.2d 395 (1979). He cites *State v. Day,* 96 Wn.2d 646, 649, 638 P.2d 546 (1981), where the court states the purpose of the driving while under the influence laws is to control the hazard created by the drinking driver and thereby protect the public. According to Mr. Hazzard, one who safely removes his vehicle from the traveled portion of the highway has ceased to be a danger to the public.

*Day* is distinguishable. There, the defendant was driving a pickup in circles in a field owned by his parents. He was not on or near a public road, nor was he observed driving on a public road or on property where the public had a right to be. Based on these narrow facts, the *Day* court at page 650 refused to apply the prohibition of the DWI statute to the defendant's conduct, holding "His arrest did not further the purpose of the statute in any way." Although the trooper here arrested Mr. Hazzard on private property, he had observed him driving on a public road. Thus, his arrest furthers the statute's purpose to protect the public.

■■ We agree with the State that the exception applies only to the physical control statute. It is part of that section, and it specifically states its application is limited thereto. Courts do not construe unambiguous statutes. *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 750, 675 P.2d 592 (1984), *cert. denied,* 471 U.S. 1015 (1985); *Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 134, 587 P.2d 535 (1978). Moreover, an exception generally is considered as a limitation only upon the matter directly preceding it. 2A N. Singer, *Statutory Construction* § 47.11, at 145 (4th rev. ed. 1984).

Here, the exception immediately follows the physical control statute. Another rule of statutory construction provides: "Where there are express exceptions in a statute, . . . the statute applies to all cases not excepted, and no other exceptions can be read into the statute." *Jeanneret v. Rees,* 82 Wn.2d 404, 408, 511 P.2d 60 (1973). *See also Queets Band of Indians v. State,* 102 Wn.2d 1, 5, 682 P.2d 909 (1984). We note that both the DWI and physical control statutes expressly state that use of a prescribed drug is not a defense, but only the physical control statute contains the "safely off the roadway" exception. Accordingly, we find no error.

Mr. Hazzard next asserts the Legislature has denied him equal protection of the laws by making this defense available in physical control prosecutions but not in DWI prosecutions. However, "[e]qual protection of the laws is violated when an accused is charged under one of two statutes containing a more severe penalty for the commission of *the same act.*" (Italics ours.) *State v. Wilson,* 39 Wn. App. 883, 885, 696 P.2d 605 (1985) (citing *State v. Danforth,* 97 Wn.2d 255, 643 P.2d 882 (1982)). There is no equal protection violation where a person can be charged under two different statutes describing two offenses which are different because the elements are different. *In re Taylor,* 105 Wn.2d 67, 68, 711 P.2d 345 (1985) (citing *State v. Wanrow,* 91 Wn.2d 301, 312, 588 P.2d 1320 (1978)).

The equal protection argument raised by Mr. Hazzard was addressed in *State v. Beck,* 42 Wn. App. 12, 707 P.2d 1380 (1985), after our Commissioner had granted discretionary review in this case. *Beck* states at page 15:

> The law can constitutionally place persons in physical control of a vehicle in one classification and persons driving under the influence in another. Physical control means the defendant is in a position to physically regulate and determine movement or lack of movement of the vehicle. To be guilty of driving while intoxicated, the driver must be in physical control and also "must have had the vehicle in motion at the time in question.'" *McGuire v. Seattle,* 31 Wn. App. 438, 442, 642 P.2d 765

340

(1982) (quoting Annot., 47 A.L.R.2d 570, 572 (1956)), *review denied,* 98 Wn.2d 1017 (1983).

The charge of driving while intoxicated is appropriate where, as in Mr. Hazzard's case, a law enforcement officer observed the defendant driving on a public highway before he moved his vehicle off the road.

The judgment of the District Court is affirmed.

MUNSON and THOMPSON, JJ., concur.