25 P.3d 484 (2001)
106 Wash.App. 835
STATE of Washington, Appellant,
v.
Michael Luther LEFFINGWELL, Respondent.
No. 25535-9-II.
Court of Appeals of Washington, Division 2.
June 22, 2001.
*485 April Denice McComb, Pierce Co. Deputy Pros. Atty., for Appellant.
Patricia Anne Pethick, (Court Appointed), Tacoma, for Respondent.
HUNT, A.C.J.
The State appeals dismissal of first degree theft-by-deception charges against Michael Luther Leffingwell for lack of jurisdiction. Holding that Leffingwell committed at least part of the theft in the State of Washington, thereby conferring jurisdiction, we reverse.

FACTS

I. THEFT BY DECEPTION
While employed as a United States Postal Service employee in Alaska in 1988, Leffingwell suffered injuries, for which he received Federal Employees' Compensation Act (5 U.S.C. §§ 8101-8193) (FECA) benefit payments every 28 days. Federal law required him to complete and file a Form 1032 with the Department of Labor (DOL) office having jurisdiction over the state in which he lived.[1] Every April DOL sent this form to Leffingwell, requiring him to provide his street address to DOL.
Form 1032 also included warnings about potential civil and criminal liability and loss of FECA benefits for giving false statements. The first warning, on page one, provided:
A false or evasive answer to any questions... may be grounds for suspending your compensation benefits and subject you to civil liability or ... criminal prosecution.
Clerk's Papers at 32 (Emphasis added.) The second warning, on the last page, provided:
I know that anyone who fraudulently conceals or fails to report income or other information which would have an effect on benefits, or who makes a false statement or misrepresentation of a material fact in claiming a payment or benefit under the Federal Employee's [sic] Compensation Act may be subject to criminal prosecution.
Clerk's Papers at 32
In 1992, Leffingwell moved to Colorado. In April 1993, he moved to Pierce County, Washington, where he lived at 2100-112th St. South, Apt. # H8. On March 3, 1994, he was arrested on a fugitive warrant and incarcerated in the Pierce County Jail. After his arrest, he wrote to the Seattle DOL office that he had the same street address but now lived in Apartment # J9, the same address that he had listed on his 4/12/94 Form 1032. But Leffingwell did not live at this address while incarcerated; moreover, he never lived there.
On May 7, 1994, Leffingwell directed his brother, Gary, to open a postal box for him at Mail Boxes Etc. in Tacoma. Gary filled out Postal Form 1583, entitled "Application for Delivery of Mail Through Agent," causing Leffingwell's mail to be delivered to 3702 South Fife Street in Tacoma.[2] On May 10, 1994, while still incarcerated, Leffingwell wrote the Seattle DOL, informing them that his new address was 3702 South 38th Street, # 253, Tacoma Washington 98408, another business address for Mail Boxes Etc., which is not a residence. Again, he did not inform DOL of his incarceration.
On June 23, 1994, Leffingwell was extradited to Alaska. He was convicted and *486 sentenced to seven years incarceration in Alaska, with two years suspended, for a felony, first-degree attempted sexual abuse of a minor. He had his mail forwarded from Mail Boxes Etc. in Tacoma to his mother in Anchorage, Alaska.
On April 13, 1995, Leffingwell informed the Seattle DOL that his mailing address was 3702 South Fife, #253 in Tacoma. Again, he did not inform DOL that he was incarcerated in Alaska; nor did he inform DOL that this address was a Mail Boxes Etc. business address, not a residence. He included the same address on his 1995 Form 1032, again omitting his prisoner status.
From the time of his March 1994 arrest in Washington until the June 1997 end of his sentence in Alaska, Leffingwell was never out of custody. During his incarceration, DOL continued to send his FECA checks to him at the Tacoma Mail Boxes, Etc. addresses that he had listed as his residences.

II. INVESTIGATION AND DISMISSAL OF CHARGES
On September 30, 1994, Congress enacted 5 U.S.C. § 8148. This statute stops FECA benefits during imprisonment for a felony, 5 U.S.C. § 8148(b)(1), or upon conviction of any federal or state criminal statute relating to fraudulent application for or receipt of FECA benefits. 5 U.S.C. § 8148(a). In January 1996, the Postal Service discovered Leffingwell's earlier arrest as an Alaskan fugitive and informed the Postal Inspector Service. The Service tracked Leffingwell to the Kenai, Alaska prison, where he was incarcerated. Inspector James Vach interviewed Leffingwell after he waived his Miranda[3] rights. Leffingwell confessed that when he began his incarceration, he had called DOL to ascertain whether prisoner status could affect FECA benefits. After discovering that he could lose his benefits, he "set up" the Tacoma Mail Boxes Etc. address "so DOL would believe I was not incarcerated." He also admitted he had not told DOL of his prisoner status in his letters or Forms 1032.[4]
On November 19, 1998, the State of Washington charged Leffingwell with first degree theft by deception. The State amended the information to charge him with "unlawfully and feloniously obtain[ing] control over property and/or services ... to wit: money belonging to the United States Postal Service, of a value exceeding $1,500, by color and aid of deception, to wit: by claiming to be residing in Tacoma, Washington, while he was in prison." Clerk's Papers at 25.
The Pierce County Superior Court dismissed the information for lack of jurisdiction, reasoning that no essential element of the crime had occurred in Washington. The State appeals.

ANALYSIS

I. VERBATIM REPORT OF PROCEEDINGS
Leffingwell argues that we should dismiss this appeal because the State failed to provide a verbatim report of the trial court's ruling on his motion to dismiss. But the record does not show that he designated additional parts of the report of proceedings under RAP 9.2(c).[5] Thus, we deny his request to dismiss the State's appeal.[6]

*487 II. JURISDICTION
Jurisdiction is a question of law subject to de novo review. Crosby v. Spokane County, 137 Wash.2d 296, 301, 971 P.2d 32 (1999); State v. Squally, 132 Wash.2d 333, 340, 937 P.2d 1069 (1997). Jurisdiction over a crime rests in the courts of the state where the crime is committed. State v. Lane, 112 Wash.2d 464, 470, 771 P.2d 1150 (1989) (citations omitted). Where elements of a crime are committed in different states, "any state where an essential part of the crime has been committed may take jurisdiction," at least where a state defines jurisdiction by statute. Lane, 112 Wash.2d at 470, 771 P.2d 1150 (citing State v. Moore, 189 Wash. 680, 690, 66 P.2d 836 (1937) (emphasis added); W. LAFAVE & J. ISRAEL, CRIMINAL PROCEDURE § 16.2(c) at 349-50 (1984)).
Washington has such a jurisdictional statute, which provides in pertinent part:
The following persons are liable to punishment:
(1) A person who commits in the state any crime, in whole or in part. ...
. . . .
(5) A person who commits an act without the state which affects persons or property within the state, which, if committed within the state, would be a crime.
RCW 9A.04.030(1), (5) (emphasis added). Under this statute, an offense is committed "in part" in Washington if "an `essential element' of the offense has been committed here." Lane, 112 Wash.2d at 471, 771 P.2d 1150 (citing Moore, 189 Wash. at 690-92, 66 P.2d 836; State v. Swanson, 16 Wash.App. 179, 190, 554 P.2d 364 (1976) (emphasis added)). Enlarging the common law scope of criminal jurisdiction, this statute's purpose "is to eliminate twilight zones affording safe haven to persons who commit offenses partly within this state and partly without it." Lane, 112 Wash.2d at 471, 771 P.2d 1150 (quoting Swanson, 16 Wash.App. at 189, 554 P.2d 364).
Thus, here, the State could establish jurisdiction by demonstrating that any essential element of first degree theft by deception occurred in Washington. State v. L.J.M., 129 Wash.2d 386, 392, 918 P.2d 898 (1996). RCW 9A.56.020(1)(b) sets forth these elements:
"Theft" means:
. . .
(b) By color or aid of deception to obtain control over the property or services of another or the value thereof, with intent to deprive him of such property or services[.]
(Emphasis added.) The record shows that Leffingwell both deceived the DOL and obtained control in Washington over benefit checks to which he was not entitled while incarcerated in both Washington and in Alaska.

A. DECEPTION
(5) "Deception" occurs when an actor knowingly:
(a) Creates or confirms another's false impression which the actor knows to be false; or
(b) Fails to correct another's impression which the actor previously has created or confirmed; or
(c) Prevents another from acquiring information material to the disposition of the property involved....
RCW 9A.56.010(5)(a)-(c).
Shortly after learning from DOL that incarceration would terminate his FECA benefits, Leffingwell informed the Seattle DOL office that his new address was 3702 South 38th Street in Tacoma. He did not inform DOL that he was incarcerated in the Pierce County Jail or that the 38th Street address he provided was actually a business address for Mail Boxes Etc. Leffingwell admitted that he gave this false residential address and withheld the fact of his incarceration "so DOL would believe I was not incarcerated." These acts constituted deception and they occurred in Washington. RCW 9A.56.010(5)(a).
Moreover, Leffingwell's deception continued after his extradition to Alaska. In his correspondence from Alaska to the Seattle DOL office, Leffingwell continued to represent that his residential address was 3702 *488 South 38th or 3702 South Fife[7] in Tacoma, and he again failed to disclose that he was incarcerated for a felony. He gave these false addresses despite the warnings on the 1032 Form that "false or evasive answer to any questions" or failure to "report ... other information which would have an effect on benefits" could result in suspension of compensation, civil liability, and/or criminal prosecution. Clerk's Papers at 32.

B. OBTAINING CONTROL OVER PROPERTY OF ANOTHER
When the DOL Seattle office received Leffingwell's letters and forms representing that he lived at the Tacoma addresses, it continued to send his FECA checks to him in Washington. Thus, Leffingwell's deception caused DOL to send benefit checks to him, to which he was not entitled, every 28 days throughout his incarceration in both Washington and Alaska.
We reject Leffingwell's argument that after his extradition to Alaska, he did not and could not have obtained the money until it was deposited in his Alaska bank account. Through his brother, acting at Leffingwell's direction and on his behalf, Leffingwell obtained control over the FECA funds as they arrived at the Tacoma Mail Boxes Etc. address. That Leffingwell continued to exert control over the funds after his brother forwarded the checks to him in Alaska does not vitiate the control that he exercised over the funds while in Washington. The record shows that Leffingwell obtained control over DOL property through his Washington agent in Tacoma.
While there are no reported Washington cases on point, the highest appellate court in Maryland recently recognized jurisdiction in a similar case. In State v. Cain, 360 Md. 205, 757 A.2d 142 (2000), the court held that the essential theft elements of deception and control occurred in Maryland through the agency of the Postal Service where the victim mailed her check from Maryland out of state: "[T]he element of obtaining control of the property is accomplished when the victim surrenders his or her property to the control of [the deceiver]"; and this was accomplished when the property passed to the control of the defrauding party, whether personally or through the defrauding party's agent, and out of the control of the other. Cain, 757 A.2d at 149.
Similarly here, DOL surrendered its control over Leffingwell's FECA benefit checks when it mailed them to him at the Tacoma Mail Boxes Etc. address. There, the checks passed into Leffingwell's control through his various agents-Mail Boxes Etc. and his brother, who used the U.S. Postal Service to forward the checks to Leffingwell in Alaska at his direction.
We hold that the trial court erred in ruling that the State lacked jurisdiction and in dismissing the information. Reversed.
SEINFELD, J., and BRIDGEWATER, J., concur.
NOTES
[1] The Seattle DOL office serves both Alaska and Washington.
[2] 3702 South Fife Street is another business address for Mail Boxes Etc, in Tacoma.
[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[4] In August 1996, DOL discontinued Leffingwell's benefits. His benefits were reinstated after his release from prison in June 1997.
[5] RAP 9.2(c) provides that a party other than the one seeking review,

who wishes to add to the verbatim report of proceedings should within 10 days after service of the statement of arrangements file and serve on all other parties and the court reporter a designation of additional parts of the verbatim report of proceedings and file proof of service with the appellate court. If the party seeking review refuses to provide the additional parts of the verbatim report of proceedings, the party seeking the additional parts may provide them at the party's own expense or apply to the trial court for an order requiring the party seeking review to pay for the additional parts of the verbatim report of proceedings.
[6] Moreover, the State provided those portions of the verbatim report of proceedings necessary for our review of the case. RAP 9.2(b).
[7] Leffingwell gave the South Fife address (the alternative mail site of Mail Boxes Etc.) in his 4/13/95 and subsequent letters to DOL.