[No. 7822. Department Two. June 8, 1909.]

JOHN HARTIG, *Respondent*, v. THE CITY OF SEATTLE *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS—CHARTERS—ADOPTION — INITIATIVE AND REFERENDUM. Under Const. art. 11, § 10, authorizing a city of 20,000 inhabitants to frame a charter for its own government, consistent with and subject to the laws of the state, a city may, subject to such limitation, adopt the initiative and referendum plan of government.

SAME—VALIDITY—STATUTES. The initiative and referendum plan of government adopted pursuant to Const. art 11, § 10, authorizing a city to frame its own charter, is not inconsistent with Bal. Code, § 740, vesting the legislative power of cities in a mayor and council; since such section applies only to powers provided for in the charter.

SAME—ADOPTION OF CHARTER—IMPLIED REPEAL OF STATUTES. Bal. Code, § 740, vesting the legislative power of cities in a mayor and council, does not prevent the adoption of a charter providing for the initiative and referendum form of government, because it would be impliedly repealed thereby.

[1]Reported in 102 Pac. 408.

INTOXICATING LIQUORS—LICENSES — STATUTES — IMPLIED REPEAL. Bal. Code, § 2934, providing that the mayor and council of each city shall have the sole and exclusive authority to license or prohibit the sale of intoxicating liquors is impliedly repealed by Bal. Code, § 739, conferring upon cities of the first class power to frame their own charters and to regulate the sale of intoxicating liquors.

SAME—STATUTES—CONFLICT—GENERAL AND SPECIAL LAWS. The city council of Seattle has exclusive power to license the sale of liquor without submitting the question to a vote of the people under the initiative and referendum amendment to the charter of the city covering "any ordinance dealing with any matter within the realm of local affairs or municipal business," and under the concurrent amendment No. 11, especially conferring upon the city council the power to license and regulate the sale of liquor; since special concurrent laws obtain as against a conflicting general law.

APPEAL—REVIEW—REASONS FOR DECISION. Where the sustaining of a demurrer was correct on any ground, the decision will be affirmed.

Appeal from a judgment of the superior court for King county, Griffin, J., entered August 4, 1908, in favor of the plaintiff, upon sustaining a demurrer to the answer, granting a writ of mandamus.    Affirmed.

*Scott Calhoun* and *H. D. Hughes,* for appellants.

*Richard Saxe Jones* and *James A. Snoddy,* for respondent.

DUNBAR, J.—The respondent made application for a license to sell liquor in the city of Seattle, in King county. The city comptroller refused to issue the license by reason of the provisions of the referendum amendment to the city charter.   Upon the refusal of the city comptroller to issue the license, respondent applied to the superior court and procured an alternative writ of mandamus. The appellants made return thereto, admitting all the allegations of the respondent's complaint, but pleading the existence and provisions of the referendum act of the city charter.   Respondent demurred, not alone upon the ground that the said charter amendment was void as stated, but upon the ground that the pretended facts alleged in said answer and return did not

constitute a defense therein, nor did they show any legal ground why a peremptory writ of mandamus should not issue. The issue of law was presented to the Honorable Arthur E. Griffin, judge of the superior court, and after consideration, the matter was decided by sustaining respondent's demurrer.

There is but a single question presented in this appeal, and that is the validity of the amendment to the charter of the city of Seattle, adopted March 3, 1898, commonly known as the initiative and referendum amendment; and, also, we might say, the effect which amendment No. 11, which was adopted on the same day on which the referendum amendment was adopted, has upon the initiative and referendum amendment. Section 1 of art. 4 of the referendum provides:

"The legislative powers of the city of Seattle shall be vested in a mayor and city council, who shall have such powers as are provided for by this charter; but the power to propose for themselves any ordinance dealing with any matter within the realm of local affairs or municipal business, and to enact or reject the same at the polls, independent of the mayor and city council, is also reserved by the people of the city of Seattle, and provision made for the exercise of such reserved power; and there is further reserved by a provision made for the exercise by the people of Seattle of the power, at their own option, to require submission to the vote of the qualified electors, and thereby to approve or reject at the polls any ordinance, or any section, item or part of any ordinance, dealing with any matter within the realm of local affairs or municipal business, which may have passed the city council and mayor, acting in the usual prescribed manner as the ordinary legislative authority. . . ."

This will be a sufficient statement of the act, we think, for the purposes of this discussion.

Of course, it is the contention in this case that this question of the granting of the license to the applicant should have been submitted to the voters upon proper showing made, as provided for in the amendment. The appellants have presented a very exhaustive and interesting brief in support of

the validity of this amendment, but as the respondent does not controvert the position taken by the appellants on·many of the propositions urged, we will confine our investigation to the points urged against the validity of the charter amendment. First, it is contended that the amendment is in violation of § 10, art. 11, of the constitution of the state of Washington. But, as we understand appellants' position, it is that the amendment is violative of the constitution because it is inconsistent with Bal. Code, § 740 (P. C. § 3733), not that it is independently inconsistent with any express provision of the constitution. It could not very well be, for the constitution seems to give the city absolute power of government, with only the restriction above mentioned. The constitution provides that any city, containing a population of 20,000 inhabitants or more, shall be permitted to frame a charter for its own government, consistent with and subject to the constitution and laws of this state. So that, under the power of the constitution, subject to the limitation above mentioned, there can be no question of the right of the city to adopt and carry into effect the initiative and referendum plan of government; for it can scarcely be contended that this plan is inconsistent with a republican form of government, the central idea of which is a government by the people. Whether the expression of the will of the people be made directly by their own acts or through representatives chosen by them is not material. The important consideration is a full expression. Does, then, the amendment under consideration in any way conflict with § 740, the pertinent part of which is as follows:

"The legislative powers of any city, organized under the provisions of this act, shall be vested in a mayor and a city council, to consist of such number of members, and to have such powers, as may be provided for in its charter," etc.

The first thought that occurs to one in reading this section is that, while the powers are vested in the mayor and council, they are only such powers as are provided for in the

charter. So that, after all, the powers spring from the people and are not over and above the control of the people. And this was the view taken by this court in *Hindman v. Boyd*, 42 Wash. 17, 84 Pac. 609. It was also decided in that case that the act of 1903 (Laws 1903, p. 393, ch. 186) was a valid act, not being in any way obnoxious to any constitution-al provision, and that said act repealed by implication § 740, *supra*. This was a well considered case, and an exhaustive opinion was rendered therein. As we are satisfied with what was said in that case, we think it unnecessary to again enter into a discussion of the questions there determined.

But again, Bal. Code, § 2934 (P. C. § 5714), relied upon by respondent, has been repealed by Bal. Code, § 739 (P. C. § 3732), relating to the organization and powers of cities of the first class, which gives the power to the city under the provisions of subd. 32, to regulate the selling or giving away of intoxicating, malt, vinous, or fermented liquors. This ques-tion was squarely decided by this court in *Seattle v. Clark*, 28 Wash. 717, 69 Pac. 407. It is true that there have been some subsequent cases which might seem in some particulars to be opposed to the rule announced in that case, but in those cases the question of the repeal of the statute was not pre-sented nor considered, and there never has been any express intention to overrule the *Clark* case, *supra*, where this ques-tion was squarely presented and passed upon.

But there is a more local question in this case which it seems to us is controlling; for notwithstanding the rights reserved by the people under the referendum amendment, and the general provision that it shall apply to all ordi-nances, by a concurrent act, viz., amendment No. 11, adopted the same day, the power to license and regulate the sale of liquor is especially conferred upon the city council, and it cannot be questioned that, if the voters have the power to pass the referendum act, they have the power to delegate the authority which it seems they did delegate in the 11th amend-ment. The provision is that the city council shall have pow-

er, by ordinance and not otherwise, to license, tax, confine within limits of time and place to be by the city council prescribed, and to otherwise regulate, the selling or giving away or other disposition of intoxicating, spirituous, malt, vinous, mixed, or fermented liquors, and the collection of the license money therefrom for the use of the city, etc. This and many other provisions of the amendment seem to point conclusively to the fact that it was the intention of the voters to vest this power exclusively in the city council, and under the universally accepted rule that, where general and special concurrent laws are conflicting, the provisions of the special law must obtain, we are compelled to hold that the power to grant licenses to sell liquor is vested in the city council of said city. This was not the point on which the demurrer was sustained; but that is immaterial, if we determine that it was correctly sustained. This point is raised in respondent's brief, and is therefore entitled to consideration.

The judgment is affirmed.

RUDKIN, C. J., CROW, MOUNT, and PARKER, JJ., concur.