[No. 35112. Department One. January 14, 1960.]

THE STATE OF WASHINGTON, *Appellant,* v. DONALD ADAM COLLINS, *Respondent.*[1]

*Charles O. Carroll* and *August F. Hahn,* for appellant.

*Alfred J. Bianchi* and *Murray B. Guterson,* for respondent.

MALLERY, J.—The defendant killed a pedestrian on a crosswalk by means of a motor vehicle on October 17, 1958. He was charged with negligent homicide by means of a motor vehicle under RCW 46.56.040. By leave of court, the state was later allowed to amend the information to charge violation of RCW 9.48.060, the general manslaughter statute. The defendant then demurred and moved to dismiss on the ground that RCW 46.56.040 was a pre-emptive statute and all homicides by means of a motor vehicle must be charged thereunder. The state was given leave to amend the charge by again alleging negligent homicide by means of a motor vehicle, but it declined to do so, electing to stand on the amended information charging manslaughter. The court then dismissed the information, and the state has appealed.

It has heretofore been assumed, by way of *dicta* upon several occasions, that the state could elect to charge the offense here in question under either statute. However, the right to do so has never been directly challenged until now. This is, therefore, a case of first instance in this state.

[1] Reported in 348 P. (2d) 214.

For convenience and brevity, we shall hereinafter refer to RCW 9.48.060 as the manslaughter statute, and RCW 46.56.040 as the negligent homicide statute.

The manslaughter statute was first passed in 1854, which was prior to the aggravated problem of motor vehicle traffic that characterizes our times. The prosecuting attorneys throughout the state found a growing jury reluctance to convict automobile drivers under the manslaughter statute due to the connotations of the word "manslaughter." A group of them went before the 1937 legislature and successfully urged the passage of a special statute under which they could charge homicide by means of a motor vehicle.

This court's interpretation of the manslaughter and negligent homicide statutes diverge to the extent that a charge of manslaughter requires proof of only ordinary negligence (*State v. Hedges,* 8 Wn. (2d) 652, 113 P. (2d) 530), while negligent homicide requires proof of more than ordinary negligence. *State v. Partridge,* 47 Wn. (2d) 640, 289 P. (2d) 702. The effect of this is that proof which would sustain a charge of manslaughter would not be sufficient to do so in a negligent homicide case.

The general manslaughter statute antedates the special negligent homicide statute, which is directed to one specific mode of committing a homicide. This invokes the rule that, where a general and subsequent special statute relates to the same subject, the provisions of the latter must prevail. *Hartig v. Seattle,* 53 Wash. 432, 102 Pac. 408.

■ We hold that in all cases where the negligent homicide statute is applicable, it supersedes the manslaughter statute. This not only accords with the rules of statutory construction, but is the interpretation necessary to satisfy the requirements of the fourteenth amendment to the Federal constitution requiring equal protection of the law for all persons. The principle of equality before the law is inconsistent with the existence of a power in a prosecuting attorney to elect, from person to person committing this offense, which degree of proof shall apply to his particular case.

The trial court was correct in dismissing the information. The judgment is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

February 25, 1960. Petition for rehearing denied.