[No. 12467-3-III.    Division Three.    March 3, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. MISTIE B. CRISLER, *Appellant*.

*Eric M. Christianson* and *Barker & Howard,* for appellant.

*Judith L. McCauley, Prosecuting Attorney,* and *Frank W. Jenny, Deputy,* for respondent.

SCHULTHEIS, J. — Mistie B. Crisler appeals the judgment on a jury verdict that she was guilty of second degree theft. She contends that the prosecution for theft was barred on double jeopardy grounds. We affirm.

The parties have submitted an agreed report of proceedings, which is the sole record for review. Pertinent portions are paraphrased below.

On December 9, 1991, Ms. Crisler and another woman entered the Lamonts store in East Wenatchee. After some discussion, they each grabbed an armload of clothing and ran out the door. Store personnel chased them, and they dropped the clothing. It was later recovered in the parking lot.

Ms. Crisler was cited by the City of East Wenatchee for criminal conspiracy under RCW 9A.28.040. On December 10, she was arraigned in district court and pleaded guilty.

The court accepted the plea and entered a finding of guilt. Ms. Crisler was not represented by counsel at the time.

On December 11, 1991, Ms. Crisler was charged by information in superior court with second degree theft arising out of the same incident. On March 10, 1992, a jury trial was held on the theft charge. Over defense counsel's objection, the court gave an accomplice instruction, WPIC 10.51, based on evidence the women had discussed stealing jointly — one of the women was heard to say "Let's go" immediately before they ran out the door with the stolen merchandise. The total value of the clothing taken by Ms. Crisler and the other woman exceeded $250.

The jury found Ms. Crisler guilty of second degree theft arising from the same incident as the conspiracy charge. An earlier agreement had been reached between the Douglas County prosecutor and the East Wenatchee city prosecutor to continue the sentencing on the conspiracy charge pending resolution of the theft charge.

Defense counsel did not learn of the earlier plea until March 18, approximately 1 week after the theft trial. He was appointed to represent Ms. Crisler in the sentencing phase of the conspiracy matter. On March 23, Ms. Crisler filed a motion seeking dismissal of the theft charge based on double jeopardy.

On April 1, 1992, judgment was entered on the second degree theft charge. Under the first offender option, the standard range sentence was waived and Ms. Crisler received a 15-day sentence. On April 15, the conspiracy charge was dismissed upon motion of the East Wenatchee prosecuting attorney. Ms. Crisler's motion for dismissal of the theft charge based on double jeopardy was denied by order filed June 30. The court also denied Ms. Crisler's motion for reconsideration. This appeal followed.

Ms. Crisler contends the prosecution for second degree theft was precluded by the double jeopardy proscription of both the state and federal constitutions.

The United States Constitution provides in relevant part that no person shall be "subject for the same offense to be

twice put in jeopardy of life or limb . . .". U.S. Const. amend. 5. This double jeopardy clause prohibits a second prosecution for the same offense after acquittal or after conviction, and prohibits multiple punishments for the same offense. *State v. Laviollette*, 118 Wn.2d 670, 674, 826 P.2d 684 (1992). Due to their similarity, the state double jeopardy clause and the federal double jeopardy clause receive the same interpretation in Washington. *State v. Kirk*, 64 Wn. App. 788, 790-91, 828 P.2d 1128, *review denied*, 119 Wn.2d 1025 (1992).

In resolving Ms. Crisler's claim of double jeopardy, there are two questions to be answered: Was the court's acceptance of her guilty plea a "conviction" subject to double jeopardy protection? If so, was she subsequently prosecuted for the "same offense" to which she had pleaded guilty?

■ As to whether the court's acceptance of a guilty plea is a conviction, the courts have held that "the entry of a plea of guilty, standing alone, *unless specially made so by statute* does not constitute a conviction." (Italics ours.) *Tembruell v. Seattle*, 64 Wn.2d 503, 510, 392 P.2d 453 (1964). In this case, there is a statute which specifically makes a plea of guilty constitute a conviction. RCW 9.94A.030(9) provides:

> "Conviction" means an adjudication of guilt pursuant to Titles 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and *acceptance of a plea of guilty.*

(Italics ours.)

The State contends that, according to the official commentary, this statute was not intended to apply for double jeopardy purposes. Washington Sentencing Guidelines Comm'n, *Implementation Manual* II-10 (1992). However, the actual text of the commentary does not support this assertion. The comment is silent on whether the definition applies to double jeopardy contexts.

Moreover, the commentary does say that the statute applies for purposes of the Sentencing Reform Act of 1981, which determines the punishment meted out to guilty offenders. As mentioned above, multiple punishments are indeed limited by the double jeopardy clause. *Laviollette*, at 674. As acceptance of a guilty plea has already been defined as

a conviction for some purposes governed by the double jeopardy clause, it is only fair to treat acceptance of a guilty plea as a conviction for all double jeopardy purposes. The State has brought no statute to the court's attention which requires a contrary result. Consequently, the court's acceptance of a guilty plea is a conviction for double jeopardy purposes.

The next question is whether the charges for criminal conspiracy and second degree theft *as an accomplice* are the "same offense" for double jeopardy purposes.

In *Laviollette*, at 674, Washington adopted the rationale of *Grady v. Corbin*, 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084 (1990), which employed a 2-prong test for determining whether the double jeopardy clause bars a subsequent prosecution.

Since *Laviollette* was decided, however, the Supreme Court has overruled one prong of the *Grady* test. *United States v. Dixon*, 503 U.S. 1004, 125 L. Ed. 2d 556, 573, 113 S. Ct. 2849 (1993). What remains of *Grady* after *Dixon* is the *"Blockburger"* test, stated as follows:

> The same-elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.

*Dixon*, 125 L. Ed. 2d at 568. *See Grady*, 495 U.S. at 510; *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 52 S. Ct. 180 (1932).

The *Blockburger* test has been well established in Washington as the applicable test for double jeopardy. *State v. Roybal*, 82 Wn.2d 577, 582, 512 P.2d 718 (1973). *See also Laviollette*, at 675; *In re Fletcher*, 113 Wn.2d 42, 47, 776 P.2d 114 (1989); *State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983). Thus, the relevant inquiry here is whether each of the charged offenses contains an element not contained in the other.

Ms. Crisler pleaded guilty to criminal conspiracy, defined as follows:

A person is guilty of criminal conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them takes a substantial step in pursuance of such agreement.

RCW 9A.28.040(1).

In the trial for second degree theft, the jury was not only instructed on the elements of the substantive crime, but also received the WPIC instruction on accomplice liability. That instruction defines an accomplice in relevant part as follows:

A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of the crime, he or she either:

(1) solicits, commands, encourages, or requests another person to commit the crime; or

(2) aids or agrees to aid another person in planning or committing the crime.

WPIC 10.51 (Supp. 1986).

■ Criminal conspiracy requires an element of intent, while accomplice liability requires only the lesser culpable state of knowledge. On the other hand, accomplice liability requires that the person herself solicit, command, aid or agree to aid the crime; conspiracy requires only that any one person in the conspiracy take a substantial step to pursue the agreement. Thus, each crime requires an element which the other does not.

Therefore, double jeopardy does not bar a prosecution for complicity to second degree theft subsequent to a conviction for criminal conspiracy.

We affirm.

THOMPSON, C.J., and SWEENEY, J., concur.

Affirmed at 127 Wn.2d 95.