[No. 20221-6-III. Division Three. May 21, 2002.]

*In the Matter of the Personal Restraint of* STEPHEN J. PERCER, *Petitioner.*

*James R. Dixon* (of *Nielsen, Broman & Koch, P.L.L.C.*), for petitioner.

*Gregory L. Zempel, Prosecuting Attorney,* and *Margaret A. Sowards, Deputy,* for respondent.

KATO, J. — Stephen J. Percer filed this personal restraint petition to challenge his convictions for second degree felony murder and vehicular homicide, both arising from the same death. He contends that, contrary to this court's decision on direct appeal, the convictions violate the double jeopardy clauses of the state and federal constitutions. We agree and grant the petition.

Mr. Percer stole a vehicle in Seattle on November 14, 1995. He drove onto Interstate 90 and headed east into Kittitas County, where the vehicle collided with a pickup truck driven by Darrell Mervos. Mr. Mervos died at the scene as a result of the collision.

The State charged Mr. Percer with second degree felony murder, vehicular homicide, taking a motor vehicle without the owner's permission, hit and run injury accident, and first degree theft. He pleaded guilty to all but the felony murder charge, which he submitted to the superior court for a bench trial on stipulated facts. In a memorandum decision, the superior court concluded "that one may certainly be convicted of both vehicular homicide and felony murder in the same course of conduct." Findings of Fact, Conclusions of Law and Mem. Decision, at 3. The superior court found Mr. Percer guilty of second degree felony murder and sentenced him to 288 months on the murder conviction and 116 months on the vehicular homicide conviction, to be served concurrently.[1]

Mr. Percer appealed, contending in part that the murder and vehicular homicide convictions violated constitutional guarantees against double jeopardy. *State v. Percer*, No. 15553-6-III, 1997 Wash. App. LEXIS 1727, at *8-11, 1997 WL 642320, at *3-4 (Wash. Ct. App. Oct. 14, 1997), *review denied*, 134 Wn.2d 1017 (1998). This court affirmed the convictions. *Percer*, 1997 Wash. App. LEXIS 1727, at *12, 1997 WL 642320, at *4-5.

Mr. Percer now has filed this petition, again raising the double jeopardy issue.

---

[1] The sentences for the other three crimes (ranging from 22 to 60 months) also were to be served concurrently.

■ We first must decide whether we may consider the issue even though this court rejected Mr. Percer's contention on direct appeal. An appellate court generally will not reconsider issues that have been raised and resolved in a direct appeal. *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 388, 972 P.2d 1250 (1999). However, a personal restraint petitioner may renew an issue if "the interests of justice require the issue be reexamined." *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 473, 965 P.2d 593 (1998).

> A petitioner cannot be allowed to institute appeal upon appeal and review upon review in forum after forum ad infinitum. On the other hand, collateral review must be available in those cases in which petitioner is actually prejudiced by the error. . . . Hence, we hold the mere fact that an issue was raised on appeal does not automatically bar review in a [personal restraint petition] (PRP). Rather, a court should dismiss a PRP only if the prior appeal was denied on the same ground and the ends of justice would not be served by reaching the merits of the subsequent PRP.

*In re Pers. Restraint of Taylor*, 105 Wn.2d 683, 688, 717 P.2d 755 (1986) (citation omitted). Under this rule, an intervening change in the law will justify a reexamination of an issue already decided on direct review. *Gentry*, 137 Wn.2d at 388.

Mr. Percer contends the law has changed significantly since this court decided his direct appeal. He directs the court's attention to *State v. Schwab*, 98 Wn. App. 179, 988 P.2d 1045 (1999). In *Schwab*, a Division One panel of this Court held that a defendant could not be convicted of both second degree murder and first degree manslaughter for a single homicide, reasoning that RCW 9A.32.010 defines homicide in the disjunctive: It is *either* (1) murder, (2) homicide by abuse, (3) manslaughter, (4) excusable homicide, *or* (5) justifiable homicide. *Schwab*, 98 Wn. App. at 188-89.

*Schwab* apparently is the first Washington case to address the specific relationship between the crimes of murder and manslaughter in this context. However, *Schwab* simply applied the rule that, even if the common "same

evidence" rule of statutory construction is satisfied, two or more convictions may violate constitutional guarantees against double jeopardy if "there is a 'clear indication of contrary legislative intent.'" *Id.* at 184 (quoting *State v. Calle*, 125 Wn.2d 769, 778, 888 P.2d 155 (1995)). *Schwab* did not announce a new principle of law.

■ Nevertheless, as we conclude below, this court's earlier decision in Mr. Percer's case was incorrect. In light of the clear error involving a constitutional right, we reexamine the issue in the interests of justice.

■ The Fifth Amendment and Washington Constitution article I, section 9 prohibit multiple punishments for the same offense. *State v. Portrey*, 102 Wn. App. 898, 904, 10 P.3d 481 (2000). Although the double jeopardy protection is constitutional, the appropriate judicial analysis concerns whether the Legislature intended to allow multiple punishments for the same act. *Id.* at 904-05. Washington courts initially apply the familiar "same evidence" test to determine the legislative intent. *Id.* at 905.

Mr. Percer concedes the "same evidence" test would not bar the two convictions at issue here. However, the "same evidence" test is not always dispositive and does not apply if there is a "clear indication of contrary legislative intent." *Calle*, 125 Wn.2d at 778; *see Schwab*, 98 Wn. App. at 184.

■■ Mr. Percer was convicted of second degree felony murder under RCW 9A.32.050(1)(b) and vehicular homicide under RCW 46.61.520(1)(b). At the center of the dispute is RCW 9A.32.010, which defines homicide. It provides:

> Homicide is the killing of a human being by the act, procurement, or omission of another, death occurring at any time, and is *either* (1) murder, (2) homicide by abuse, (3) manslaughter, ■ excusable homicide, *or* (5) justifiable homicide.

(Emphasis added.)

As the court concluded in *Schwab*, this statute's disjunctive construction evinces a clear legislative intent to bar multiple convictions for a single homicide. *Schwab*, 98 Wn. App. at 188-89. The State contends, however, that this

reasoning does not apply here, because *vehicular* homicide is not included in RCW 9A.32.010's disjunctive list and in fact is contained in an entirely separate title of the Washington code.

An examination of the legislative history demonstrates the State is wrong. Washington's modern vehicular homicide statute had its origin in 1937. *See* LAWS OF 1937, ch. 189, § 120. Frustrated with juries' reluctance to convict motorists under the general manslaughter statute, prosecutors that year convinced the Legislature to enact a special statute under which they could charge homicide by means of a vehicle. *State v. Collins*, 55 Wn.2d 469, 470, 348 P.2d 214 (1960). In *Collins*, the Supreme Court held that the negligent homicide statute, former RCW 46.56.040 (1937) (now codified at RCW 46.61.520) prevailed over the general manslaughter statute, and a prosecutor could not "elect, from person to person committing this offense, which degree of proof shall apply to his particular case." *Collins*, 55 Wn.2d at 470. *Collins* thus implicitly held that a defendant may not be convicted *both* for negligent (vehicular) homicide and homicide under the general criminal statutes. Certainly there is no indication in the legislative history or the case law interpreting it that, by enacting the statute in 1937, the Legislature intended multiple punishments for a single homicide. The *Schwab* reasoning applies equally here.

In affirming the convictions on direct appeal, this court relied in part on *State v. Aamold*, 60 Wn. App. 175, 803 P.2d 20, *review denied*, 117 Wn.2d 1016 (1991). In *Aamold*, the court rejected the defendant's *equal protection* challenge to his convictions for both second degree felony murder and vehicular homicide. *Id.* at 179. The case did not address the convictions in the double jeopardy context.

This court also relied on *State v. Campas*, 59 Wn. App. 561, 564, 799 P.2d 744 (1990), *remanded*, 118 Wn.2d 1014 (1992), which held simply that first degree manslaughter is not a lesser included offense of felony murder. *Campas* did not address the double jeopardy implications of the two convictions.

The authority on which this court relied in affirming Mr. Percer's convictions does not apply to his argument. The legislative history clearly shows the Legislature did not intend to permit punishments for both felony murder and vehicular homicide for the same homicide. This court erred in affirming both convictions.

■■ One of the convictions must be vacated. The State contends it should be the lesser conviction, which in this case is the vehicular homicide conviction. The State relies on *Portrey* and *Schwab*, both of which reversed the lesser of two convictions found to have violated the guarantees against double jeopardy. *Portrey*, 102 Wn. App. at 907; *Schwab*, 98 Wn. App. at 190. But in both *Portrey* and *Schwab*, the defendants were tried and convicted of the offending crimes at the same time. Here, however, Mr. Percer first pleaded guilty to the vehicular homicide charge, and the court's acceptance of the plea constitutes a "conviction" for double jeopardy purposes. *State v. Crisler*, 73 Wn. App. 219, 222-23, 868 P.2d 204 (1994), *aff'd sub nom. State v. Gocken*, 127 Wn.2d 95, 896 P.2d 1267 (1995). Among other things, the guarantee against double jeopardy "protects against a second prosecution for the same offense after conviction." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989); *see Gocken*, 127 Wn.2d at 100. After Mr. Percer entered his plea to vehicular homicide, the State was barred by the double jeopardy clauses from attempting to convict him of second degree felony murder.

Without citation to authority, the State urges this court to remand the case to determine which conviction should be vacated in light of the parties' plea agreement. But there is no basis for the State's implicit contention that the plea agreement anticipated a conviction for second degree felony murder but not for vehicular homicide. By accepting the plea agreement, the State obviously accepted the possibility that the superior court may have agreed with the defense

contention that the felony murder charge was barred by double jeopardy. Our decision to do what the superior court mistakenly failed to do does not deprive the State of any event unanticipated by the plea agreement.

We grant the petition and reverse and vacate the conviction for second degree felony murder. The case is remanded for resentencing.

SCHULTHEIS, J., concurs.

BROWN, C.J. (dissenting) — Mr. Percer incorrectly asserts *State v. Schwab*, 98 Wn. App. 179, 988 P.2d 1045 (1999) represents a significant change of law justifying his petition. As the majority points out, *Schwab* does not present any new legal principle that would necessarily change our earlier decision in *State v. Percer*, No. 15553-6-III, 1997 Wash. App. LEXIS 1727, 1997 WL 642320 (Wash. Ct. App. Oct. 14, 1997), *review denied*, 134 Wn.2d 1017 (1998). We should decline review. *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 388, 972 P.2d 1250 (1999). In any event, as discussed next, the *Schwab* reasoning is inapplicable here, because in *Schwab* the death was addressed purely within the confines and context of the homicide laws of chapter 9A.32 RCW.

In deciding Mr. Percer's direct appeal, we were not unconsciously wrong, as is implicit in the majority's holding today. No double jeopardy conflict exists because the gravamen of Mr. Percer's vehicular homicide conviction is his proscribed driving conduct under Title 46 RCW, *driving* resulting in death. On the other hand, the gravamen of Mr. Percer's felony murder conviction under chapter 9A.32 RCW is his taking a motor vehicle without the owner's permission contrary to RCW 9A.56.070, *theft* resulting in death. Clearly the Legislature proscribed both types of disparate conduct. The Legislature merely defined the seriousness of each offense based upon resulting death. Thus, because the legislative intent is clear, we need not resort to any legislative history in resolving this dispute.

Accordingly, because Mr. Percer does not present grounds for us to reconsider the exact issues presented and rejected in his direct appeal, and his claim of error lacks merit, I respectfully dissent.