75 P.3d 488 (2003)
150 Wash.2d 41
In the Matter of the Personal Restraint of Stephen J. PERCER, Petitioner.
No. 72676-1.
Supreme Court of Washington, En Banc.
Argued February 11, 2003.
Decided August 21, 2003.
*489 Margaret Anne Penny Sowards, Kittitas Co Prosecutor's Office, for Petitioner/Appellant.
David Bruce Koch, James Robert Dixon, Seattle, for Appellee/Respondent.
FAIRHURST, J.
In 1996, Stephen Percer was convicted of multiple felonies, including vehicular homicide and second degree felony murder stemming from one death. The Court of Appeals affirmed his convictions on direct appeal. In 2001, Percer filed a personal restraint petition (hereafter PRP), claiming, as he had in his direct appeal, that conviction for both crimes violated double jeopardy. The Court of Appeals ruled that the convictions violated double jeopardy and vacated the conviction for second degree felony murder. We find that the Court of Appeals could consider the PRP; however, we do not find a double jeopardy violation. We reverse the Court of Appeals.

*490 FACTS
On November 14, 1995, at approximately 1:15 p.m., Stephen Percer and Chamaya Leavens stole a Dodge Caravan from the University District in Seattle and headed for Spokane. Percer used a screwdriver to "punch out" the ignition to get the van started. In order to give the appearance that the van was not stolen, Percer reinserted the ignition and placed a set of keys in it.
While traveling east on Interstate 90, the van was observed traveling in and out of traffic at speeds up to 90 miles per hour. In Kittitas County, approximately 80 miles from where he stole the van, Percer struck the left rear of a vehicle driven by Darrel Mervos. The collision caused Mervos's vehicle to become airborne and strike several trees alongside the road. Mervos was killed as a result of the collision. After the accident, several passing motorists stopped to assist at the scene. The stolen van driven by Percer and Leavens was on its side so they attempted to flee the scene in another vehicle. They ultimately succeeded in stealing a Ford Bronco belonging to a coworker of Mervos who had stopped to render assistance.
In a single charging document, the State charged Percer with multiple felonies, including second degree felony murder, vehicular homicide, taking a motor vehicle without the owner's permission, theft in the first degree, and hit-and-run injury accident. On February 13, 1996, as part of a plea agreement, Percer waived his right to a jury trial, pleaded guilty to all but the second degree felony murder charge, and agreed to submit the issue of whether he committed the crime of second degree felony murder to the court. Percer stipulated to certain facts, testimony, and the admission of exhibits.
Prior to the bench trial that the parties had agreed to in the plea agreement, Percer moved to dismiss the charge of second degree felony murder on the ground that he could not be convicted of that charge when the underlying felony was the completed act of taking a motor vehicle without permission. The trial court found that Percer had not completed the underlying felony, but was still "in the course of or in furtherance of that felony when he collided with Mervos's vehicle. The court denied Percer's motion to dismiss, found him guilty of second degree felony murder, and imposed a standard range sentence of 288 months, to be served concurrently with his other convictions.
Percer filed a direct appeal alleging insufficient evidence to convict him of second degree felony murder and a double jeopardy violation because he was convicted and punished for both vehicular homicide and second degree felony murder. The Court of Appeals rejected Percer's arguments, State v. Percer, noted at 87 Wash.App. 1102, 1997 WL 642320 (1997), and this court denied discretionary review. State v. Percer, 134 Wash.2d 1017, 958 P.2d 317 (1998).
In 2001, Percer filed a PRP in the Court of Appeals, again alleging a double jeopardy violation. In re Pers. Restraint of Percer, 111 Wash.App. 843, 47 P.3d 576 (2002). He argued that State v. Schwab, 98 Wash.App. 179, 988 P.2d 1045 (1999), was a significant change in the law, and sufficient reasons existed to retroactively apply the changed legal standard to dismiss his second degree felony murder conviction, the longer sentence of his two convictions. The Court of Appeals concluded that "Schwab did not announce a new principle of law," but nonetheless granted the petition, concluding that its earlier decision on direct appeal was a clear error involving a constitutional right. Percer, 111 Wash.App. at 847, 47 P.3d 576.
In granting the PRP, the court determined (as did the Schwab court) that the disjunctive wording in the definition of homicide found in RCW 9A.32.010 barred multiple homicide convictions for a single death. Id. The court looked at vehicular homicide's origin, specifically, its creation in 1937 at the behest of prosecutors who found it difficult to convict motorists under the general manslaughter statute. Id. at 848, 47 P.3d 576. The court also discussed State v. Collins, 55 Wash.2d 469, 348 P.2d 214 (1960), stating that case "implicitly held that a defendant may not be convicted both for negligent (vehicular) homicide and homicide under general criminal statutes." Percer, 111 Wash.App. at 848, 47 P.3d 576. Noting that its previous decision relied upon authority that did not apply to *491 Percer's argument, the court followed the Schwab reasoning and held that the definition of homicide found in RCW 9A.32.010 prohibited convictions for both second degree felony murder and vehicular homicide when there was only one death. Id. at 848-49, 47 P.3d 576. The court determined that the two convictions violated double jeopardy, reversed its earlier decision, and vacated the second degree felony murder conviction.
The State contends: (1) the Court of Appeals' review of the PRP was improper, (2) convictions for both vehicular homicide and felony murder do not violate double jeopardy, and (3) if the two convictions violate double jeopardy, the Court of Appeals reversed the wrong conviction. Percer argues that we should affirm the Court of Appeals. The State was granted discretionary review.

ISSUES
1. Could the Court of Appeals properly review in a PRP the identical double jeopardy issue rejected on direct appeal?
2. Do convictions for both vehicular homicide and second degree felony murder, arising from one death, violate the double jeopardy clauses of the United States and Washington Constitutions?
3. If there is a double jeopardy violation, which conviction should be vacated?

ANALYSIS

I.
Generally, a defendant may only file a PRP on a judgment and sentence within one year of the judgment becoming final. RCW 10.73.090(1). Percer did not file a PRP within one year; however, the time limit does not apply to a petition that is based on a significant change in the law. RCW 10.73.100(6). In 2001, Percer filed a PRP, claiming that State v. Schwab created a substantial change in the law by holding that, based upon the disjunctive definition of homicide found in RCW 9A.32.010, convictions for both second degree felony murder and first degree manslaughter for a single homicide violate double jeopardy. Schwab, 98 Wash.App. at 188-89, 988 P.2d 1045. In this case, however, the Court of Appeals specifically noted that "Schwab did not announce a new principle of law." Percer, 111 Wash.App. at 847, 47 P.3d 576. If the Court of Appeals is correct, then the court could not properly hear Percer's PRP under the substantial change in the law exception, RCW 10.73.100(6).
The State asserts that because Schwab did not announce a new principle of law, the policy in favor of the interests of finality of judgments should have prevented the Court of Appeals from reviewing the PRP. It is true that an appellate court will usually not reconsider issues that have been raised and resolved in a direct appeal. In re Pers. Restraint of Gentry, 137 Wash.2d 378, 388, 972 P.2d 1250 (1999). The State further cites In re Pers. Restraint of Hews, 99 Wash.2d 80, 86, 660 P.2d 263 (1983), for the proposition that collateral relief should be limited. While Hews does state that there is a strong interest in the finality of litigation, it also notes that appellate review is not prevented if such finality is outweighed by claims of constitutional error actually prejudicing the petitioner. Id. at 85, 660 P.2d 263.
For the Court of Appeals to consider Percer's PRP, he must show that the earlier decision was clearly erroneous, such that he was prejudiced by the decision and that the ends of justice would be served by reconsidering the matter. Gentry, 137 Wash.2d at 388, 972 P.2d 1250. This showing must be made by a preponderance of the evidence. In re Pers. Restraint of Crabtree, 141 Wash.2d 577, 587, 9 P.3d 814 (2000); In re Pers. Restraint of St. Pierre, 118 Wash.2d 321, 328, 823 P.2d 492 (1992). The Court of Appeals noted in its current opinion that its earlier decision was clearly erroneous. Percer, 111 Wash.App. at 847, 47 P.3d 576. Because the error involved the constitutional right protecting defendants against double jeopardy, the error worked a manifest injustice on him. See id. However, the validity of the court's review depends upon whether convictions for both vehicular homicide and second degree felony murder were indeed erroneous, that is, whether the convictions violated double jeopardy. We address that in the second issue.

*492 II.
The fifth amendment to the United States Constitution states: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." Similarly, article I, section 9 of the Washington Constitution declares: "No person shall be ... twice put in jeopardy for the same offense." Both of these double jeopardy clauses prohibit: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense imposed in the same proceeding. State v. Bobic, 140 Wash.2d 250, 260, 996 P.2d 610 (2000); State v. Gocken, 127 Wash.2d 95, 100, 896 P.2d 1267 (1995). Washington's double jeopardy clause offers the same scope of protection as the federal double jeopardy clause. Id. at 107, 896 P.2d 1267. Percer makes arguments with respect to the second and third prohibitions. We will first address multiple punishments.
Percer maintains that conviction for second degree felony murder after his plea of guilty for vehicular homicide violated double jeopardy because there was only one death. If the two charges are the "same offense," one of them must be dismissed to avoid multiple punishments for the same offense. Therefore, we must initially determine whether vehicular homicide and second degree felony murder are indeed the "same offense."
Subject to limits imposed by the eighth amendment to the United States Constitution, the legislature has the power to define criminal conduct and set out the appropriate punishment. State v. Adel, 136 Wash.2d 629, 634, 965 P.2d 1072 (1998) (citing Bell v. United States, 349 U.S. 81, 83, 75 S.Ct. 620, 99 L.Ed. 905 (1955)). To determine whether a person may be convicted of two particular crimes, we first look at the language of the statutes to ascertain whether the legislature expressly intended multiple punishments. State v. Calle, 125 Wash.2d 769, 776, 888 P.2d 155 (1995); Ohio v. Johnson, 467 U.S. 493, 499, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984). Some statutes, such as the one governing burglary, expressly authorize cumulative punishment. See RCW 9A.52.050 ("Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately."). The statutes concerning vehicular homicide and second degree murder do not specifically authorize, nor prohibit, multiple punishments. See RCW 9A.32.050 (second degree murder); RCW 46.61.520 (vehicular homicide).
Without express language in the statutes, we turn to statutory construction to determine whether these two offenses may be punished cumulatively. Calle, 125 Wash.2d at 777, 888 P.2d 155. Washington uses the "same evidence" test to determine whether double jeopardy rights are violated by conviction of two offenses. Id. This test mirrors the federal "same elements" test first adopted in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Adel, 136 Wash.2d at 632, 965 P.2d 1072.
To violate double jeopardy under the "same evidence" test, a defendant's two convictions must be identical both in fact and in law. Calle, 125 Wash.2d at 777, 888 P.2d 155. Thus, although the two offenses in this case may be identical in fact (i.e., both offenses are based upon the automobile collision that killed the victim), they are not necessarily identical in law. If each offense includes an element not included in the other, and proof of one offense would not necessarily also prove the other, the two crimes are not identical in law, and multiple convictions may stand. Id. at 777, 888 P.2d 155. Applying the "same evidence" test to this case, vehicular homicide and second degree felony murder are not the same offenses. Each offense contains an element not included in the other. To be convicted of vehicular homicide, the defendant's driving of a vehicle must cause a person's death. RCW 46.61.520. That element is not used to prove second degree felony murder. To be convicted of second degree felony murder, the defendant must have been in the course of or in furtherance of a felony when he caused a person's death. RCW 9A.32.050(1)(b). That element is not used to prove vehicular homicide. *493 Thus, each of those elements is unique to its particular offense. Under the "same evidence" test, these two offenses are different.
However, the "same evidence" test is merely a rule of statutory construction used to determine legislative intent, and is not dispositive of the question whether two offenses are the same. Calle, 125 Wash.2d at 778, 888 P.2d 155. Although the result of this test is presumed to be the legislature's intent, it is not controlling where there is clear evidence of contrary legislative intent. Id. at 780, 888 P.2d 155. A court, when searching for evidence of contrary legislative intent, may look at many things, including the statutes' historical development, legislative history, location in the criminal code, or the differing purposes for which they were enacted. See id. at 779-80, 888 P.2d 155.
Percer argues that the language of RCW 9A.32.010 demonstrates a legislative intent to authorize only one conviction for homicide when there was only one death. RCW 9A.32.010 defines "homicide" as the killing of a human being that is either "(1) murder, (2) homicide by abuse, (3) manslaughter, (4) excusable homicide, or (5) justifiable homicide." Percer states that the use of the disjunctive in the statute showed a legislative intent to create mutually exclusive categories of homicide. As Percer points out, the Court of Appeals found that argument persuasive in State v. Schwab. In Schwab, the court noted the disjunctive language in the homicide statute that "unlawful homicide equals either murder, homicide by abuse, or manslaughter." 98 Wash.App. at 188-89, 988 P.2d 1045. The court determined that when there was but a single homicide, convictions for both second degree felony murder and first degree manslaughter violated double jeopardy. Id. at 188, 988 P.2d 1045.
Percer points to vehicular homicide's historical development as evidence that the legislature intended vehicular homicide to be treated as the same offense as manslaughter for double jeopardy purposes. Prior to 1937, deaths resulting from the negligent operation of a motor vehicle were charged under the general manslaughter statute. Collins, 55 Wash.2d at 470, 348 P.2d 214. It was at the behest of prosecutors that the legislature created the specific crime of negligent homicide by means of a motor vehicle. Id. The Collins court stated that the negligent (vehicular) homicide statute "is directed to one specific mode of committing a homicide." Id. Thus, according to Percer's argument, because deaths due to negligent driving were charged under the manslaughter statute prior to 1937, today convictions for both vehicular homicide and second degree felony murder should be treated the same as Schwab treats convictions for both manslaughter and second degree felony murder, that is, as a violation of double jeopardy.
This argument overlooks the fact that the legislature placed the original vehicular homicide statute in the Washington Motor Vehicle Act. Laws of 1937, ch. 189, § 120. The title of the act states that it was an act "relating to vehicles and the operation thereof upon the public highways of this state;... prescribing rules of the road for vehicles operating upon public highways of this state...." Id. ch. 189. The location of two offenses within the criminal code is indicative of legislative intent. Calle, 125 Wash.2d at 780, 888 P.2d 155. Not only is vehicular homicide left out of the definition of homicide in RCW 9A.32.010, it is listed in an entirely separate title of the code. This is evidence the legislature intended vehicular homicide under Title 46 RCW to be treated differently than the homicides under Title 9A RCW. If the legislature wanted vehicular homicide to be treated as the same offense as second degree felony murder for double jeopardy purposes, it could have placed vehicular homicide in chapter 9A.32 RCW or within the definition of homicide in RCW 9A.32.010. Instead, it placed vehicular homicide in chapter 46.61 RCW, entitled "Rules of the Road." This suggests that vehicular homicide is directed toward deterring poor driving. Not only did the legislature exclude vehicular homicide from the definition of "homicide," it also left it out of the entire homicide chapter. This evidences a legislative intent to treat vehicular homicide and second degree felony murder as separate offenses.
Further evidence supports this conclusion. When the legislature overhauled the Washington *494 Criminal Code in 1975, it also added RCW 9A.32.020(2). Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.32.020. That statute states that "[n]othing contained in this chapter shall affect RCW 46.61.520 [the vehicular homicide statute]." RCW 9A.32.020(2). This plain language means that the definition of homicide in RCW 9A.32.010 does not affect RCW 46.61.520.
Also, vehicular homicide applies only if the death of a person occurs within three years of the injury. RCW 46.61.520(1). The homicide definition, however, allows for death to occur at any time after the act of the defendant. RCW 9A.32.010. Thus, although both vehicular homicide and second degree felony murder include "death" as an element, they have different statutes of limitation.
Another indication that shows the legislature lacked a clear intent to treat vehicular homicide and second degree felony murder as the "same offense" comes from the Sentencing Reform Act of 1981(SRA) chapter 9.94A RCW. First, the section used to calculate a defendant's offender score for sentencing purposes refers to vehicular homicide as a "felony traffic offense." RCW 9.94A.525(11). Second, the SRA treats vehicular homicide at a lower seriousness level than second degree felony murder and the manslaughter statutes from which vehicular homicide derived in 1937. See generally RCW 9.94A.515. Thus, Percer fails to show clear legislative intent that is contrary to the result of the "same evidence" test.
Percer also alleges that his stipulated bench trial subsequent to his guilty plea was a second prosecution following conviction. This argument relies on the fact that the SRA includes "acceptance of a plea of guilty" within its definition of "conviction." RCW 9.94A.030(11). The Court of Appeals determined that because Percer pleaded guilty to the vehicular homicide charge before being tried for the second degree felony murder charge, he was "convicted" of vehicular homicide for double jeopardy purposes. Percer, 111 Wash.App. at 849, 47 P.3d 576 (citing State v. Crisler, 73 Wash.App. 219, 222-23, 868 P.2d 204 (1994), aff'd sub nom. State v. Gocken, 127 Wash.2d 95, 896 P.2d 1267 (1995)). The Court of Appeals' reliance on Crisler is misplaced. In that case, the defendant was not charged with a second crime until after she had pleaded guilty to the first crime. Crisler, 73 Wash.App. at 221, 868 P.2d 204. Here, Percer was charged with all the felonies at the same time and signed a plea agreement stipulating to a bench trial on the second degree felony murder charge. His guilty plea was part and parcel with his stipulated bench trial. This court has already determined that a person may be prosecuted for a second crime following a plea of guilty to another crime, so long as those two crimes are not the "same offense" under a double jeopardy analysis. Gocken, 127 Wash.2d at 108, 896 P.2d 1267. Furthermore, Washington Court Rules explicitly state: "Entry of a plea of guilty to one offense does not bar the subsequent prosecution of a related offense...." CrR 4.3.1(b)(4). In this case, there is no violation of the double jeopardy prohibition against a second prosecution after conviction.

III.
Because we find double jeopardy was not violated, we need not reach the third issue of which conviction to vacate.

CONCLUSION
The Court of Appeals had authority to review Percer's PRP. However, Percer's convictions for both vehicular homicide and second degree felony murder, stemming from one death, do not violate his double jeopardy rights according to the "same evidence" test. Comparing the elements of those two crimes unquestionably demonstrates that they are not the same, as each offense requires an element that the other does not. To override the result of the "same evidence" test, evidence of contrary legislative intent must be clear. Not only is there no clear evidence of a contrary legislative intent, the evidence of legislative intent suggests that the legislature intended the two crimes to be treated as separate offenses.
Because we hold that vehicular homicide and second degree felony murder are not the "same offense" for double jeopardy purposes, Percer may be convicted of both charges. *495 Consequently, we need not address the issue of which charge to vacate. We therefore reverse the Court of Appeals and uphold the vehicular homicide and second degree felony murder convictions.
WE CONCUR: ALEXANDER, C.J., JOHNSON, MADSEN, IRELAND, BRIDGE, CHAMBERS, OWENS, JJ.
SANDERS, J., (dissenting).
Double jeopardy review turns on legislative intent. State v. Calle, 125 Wash.2d 769, 778, 888 P.2d 155 (1995); majority at 492. The majority concedes there is no express language in the vehicular homicide and second degree murder statutes authorizing multiple punishments for a single homicide, yet it upholds Percer's convictions for felony murder and vehicular homicide for the death of a single individual. Majority at 489, 492.
A defendants double jeopardy rights are violated if he or she is convicted of offenses that are identical both in fact and in law. Calle, 125 Wash.2d at 777, 888 P.2d 155. Failure under the same evidence test creates a strong presumption in favor of multiple punishments, which may be overcome by clear legislative intent to the contrary. Id. at 778, 780, 888 P.2d 155.
That the legislature did not intend to provide multiple punishments for a single killing is clear from the text of RCW 9A.32.010, which defines homicide in the disjunctive as either murder, homicide by abuse, or manslaughter. The disjunctive definition indicates one killing equals one homicide; one unlawful homicide equals either murder, homicide by abuse, or manslaughter. From this we find that the legislature did not intend to provide multiple punishments for a single homicide. State v. Schwab, 98 Wash. App. 179, 188-89, 988 P.2d 1045 (1999). As the majority notes, the legislative history of the vehicular homicide statute indicates legislative intent to categorize vehicular homicide as a type of general manslaughter. Majority at 493; see also State v. Collins, 55 Wash.2d 469, 470, 348 P.2d 214 (1960). Vehicular homicide is "one specific mode of committing a homicide." Collins, 55 Wash.2d at 470, 348 P.2d 214. It follows the legislature did not intend multiple punishments under the vehicular homicide and felony murder statutes for the same conduct. Moreover, "`the generally accepted notion that one death should result in only one homicide conviction' overcomes the presumption of multiple punishment." State v. Santillanes, 2001-NMSC-018, 130 N.M. 464, 27 P.3d 456, 459 (quoting State v. Santillanes, 2000-NMCA-017, ¶ 8, 128 N.M. 752, 998 P.2d 1203).
The majority reaches a contrary result based largely on a purported difference in purpose between the vehicular homicide and manslaughter statutes. This conclusion is inconsistent with Collins, which held that the vehicular homicide statute[1] supersedes the manslaughter statute. 55 Wash.2d at 470, 348 P.2d 214. If the vehicular homicide statute was truly geared toward punishing bad driving as the majority contends, then it would not supersede the manslaughter statute, but rather supplement it. We must conclude therefore the legislature enacted the vehicular homicide statute to punish the defendant for killing a person, not for bad driving. Moreover, although RCW 46.61.520 does not refer specifically to the homicide statute, it nonetheless provides for punishment under chapter 9A.20 RCW. See RCW 46.61.520(2). Because both the vehicular homicide and the second degree murder statutes refer to the same chapter for the classification of the crimes, the location of the vehicular homicide statute is not as significant as the majority contends.
Percer's subsequent conviction for felony murder also should be barred on grounds of successive prosecution. The double jeopardy clause not only protects against "`"multiple punishments for the same offense,"'" it also "`"protects against a second prosecution for the same offense after conviction."'" Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, *496 81 L.Ed.2d 425 (1984) (quoting Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 795, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989))). "[T]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby [ (1) ] subjecting him to embarrassment, expense and ordeal and [ (2) ] compelling him to live in a continuing state of anxiety and insecurity, as well as [ (3) ] enhancing the possibility that even though innocent he may be found guilty." Green v. United States, 355 U.S. 184, 187-88, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). "Where successive prosecutions are at stake, the guarantee serves `a constitutional policy of finality for the defendant's benefit.' That policy protects the accused ... from attempts to secure additional punishment after a prior conviction and sentence." Brown, 432 U.S. at 165-66, 97 S.Ct. 2221 (citations omitted) (quoting United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971)). It is "immaterial" whether "conviction of the greater [offense] precedes the conviction of the lesser." Brown, 432 U.S. at 168, 97 S.Ct. 2221. Where a defendant has been convicted based on a guilty plea, double jeopardy will preclude a subsequent conviction for the same offense. State v. Crisler, 73 Wash.App. 219, 222-23, 868 P.2d 204 (1994), aff'd sub nom. State v. Gocken, 127 Wash.2d 95, 896 P.2d 1267 (1995), relying on former RCW 9.94A.030(9) (1994) (defining "conviction" unter anderem as the court's "acceptance of a plea of guilty").
Relying on Crisler, the Court of Appeals determined that because Percer had previously pleaded guilty to vehicular homicide before he was tried and convicted for felony murder, affirming his subsequent conviction would violate the double jeopardy prohibition against second prosecution for the same offense after conviction. In re Pers. Restraint of Percer, 111 Wash.App. 843, 849-50, 47 P.3d 576 (2002). As a result it vacated the felony murder conviction and allowed the vehicular homicide conviction to stand. Id. at 850, 47 P.3d 576. The majority claims the Court of Appeals' reliance on Crisler is misplaced because the defendant in that case was not charged with a second crime until after she had pleaded guilty to the first crime. Majority at 494.
That the majority creates a distinction without a difference is evidenced by Brown, where the Supreme Court considered whether the double jeopardy clause protects a defendant who enters a guilty plea to a lesser offense from subsequent prosecution for a greater offense based on the same incident. 432 U.S. at 168, 97 S.Ct. 2221. Like the defendant in Crisler, Brown was not charged with a second crime (car theft) until after he had pleaded guilty to a first crime (joyriding). The Court reversed Brown's subsequent conviction for the greater offense of auto theft, holding: "Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." Id. at 169, 97 S.Ct. 2221. Justice Brennan's concurrence indicates the fact the defendant was not charged with both crimes in the same charging document was of no moment to the Brown court. He expresses regret the Court had not considered the additional ground for reversal that "the State did not prosecute petitioner in a single proceeding." Id. at 170, 97 S.Ct. 2221 (Brennan, J., concurring).
The majority also relies on CrR 4.3.1(b)(4)'s provision that allows the State to prosecute an individual for a related offense after he or she has entered a guilty plea. Majority at 494. As the majority indicates that rule applies only if the legislature intended multiple punishments for a single offense. Majority at 494. For the reasons indicated above I cannot conclude the legislature did so intend.
I therefore respectfully dissent.
NOTES
[1] At the time Collins was decided, the vehicular homicide statute was located in former RCW 46.56.040 (1937), and was termed "negligent homicide by means of a motor vehicle." These differences from the current vehicular homicide statute are insignificant to this analysis, as the State's argument that vehicular homicide serves a different purpose than felony murder hinges on the statute's location in Title 46 RCW.