798

[No. 35501-9-II.   Division Two.   January 23, 2008.]

THE STATE OF WASHINGTON, *Respondent,* v. EDDIE EUGENE CRUMBLE, *Appellant.*

*Carol A. Elewski*, for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *Karen A. Watson, Deputy*, for respondent.

¶1 ARMSTRONG, J. — Eddie Crumble appeals his convictions of two counts of first degree attempted murder while armed with a firearm, two counts of first degree assault committed with a firearm, one count of first degree burglary while armed with a firearm, and one count of first degree unlawful possession of a firearm. Crumble argues that (1) the assault convictions violate double jeopardy because they are based on the same criminal conduct as the attempted murder counts and (2) the court misapplied RCW 9.94A.589 by imposing consecutive life sentences for the attempted murder convictions. The State agrees that we should vacate Crumble's assault convictions, and we agree with Crumble that the court should have sentenced him to concurrent sentences. Accordingly, we vacate the convic-

tions for first degree assault and remand to the trial court to impose concurrent life sentences without parole.

## FACTS

¶2 About three weeks before the incident at issue, Crumble committed a robbery, stealing a .380 caliber handgun and some jewelry from Trumaine House. He fled the scene in a car with Lakeisha Crawford, the driver, and Shadaya Denegal, another passenger. The police apprehended and arrested Crawford, who called Crumble from jail and told him that Denegal had identified him to the police. Two days later, the police charged Crumble with first degree robbery and first degree unlawful possession of a firearm. Crumble was aware that because of his criminal history, a conviction on the robbery would be his third "strike" and would therefore result in a life sentence without possibility of release.

¶3 A week after being charged, Crumble, armed with a loaded handgun,[1] went to Denegal's residence. There, to keep Denegal from testifying against him, he shot her in the head. Denegal had told Crumble that her mother, Shonda, was also in the residence. Crumble shot her in the head, torso, and thigh. Both Denegal and Shonda were severely injured, but they survived.

¶4 The State charged Crumble with two counts of first degree attempted murder (counts I and II), one count of first degree unlawful possession of a firearm (count III), two counts of first degree assault (counts IV and V), and one count of first degree burglary while armed with a firearm (count VI). The State also included firearm enhancements on counts I, II, IV, V, and VI. Finally, the State filed a persistent offender notice that a conviction for attempted murder in the first degree would result in a life sentence without the possibility of parole.

---

[1] Crumble was prohibited from possessing a firearm because he had previous felony convictions.

¶5 Crumble waived his rights to a jury trial and to confront the witnesses, and he stipulated to the facts above. The trial court found Crumble guilty on all six counts, using the same facts to support the attempted murder and assault convictions for each victim.

¶6 At sentencing, the trial court orally sentenced Crumble, as a persistent offender, to five concurrent terms of life in prison without the possibility of parole on counts I, II, IV, V, and VI. In the trial court's final judgment and sentence, however, the court ordered that the life sentences on counts I and II be served consecutively, citing RCW 9.94A.589. The court also sentenced Crumble to 116 months on count III and imposed five firearm enhancements of 60 months each for counts I, II, IV, V, and VI.

## ANALYSIS

### I. DOUBLE JEOPARDY

■ ¶7 Crumble argues that his convictions for first degree assault violate double jeopardy[2] because they are based in the same criminal acts forming the basis of the attempted murder convictions. The State agrees. The parties agree that we should vacate the two assault convictions because they are the offenses carrying the lesser sentence. Accordingly, we vacate the assault convictions and sentences, including their firearm enhancements.

### II. CONSECUTIVE LIFE SENTENCES

■■ ¶8 Crumble also argues that the trial court erred in imposing consecutive sentences on his two attempted

---

[2] The Fifth Amendment to the United States Constitution provides, "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." *See also* WASH. CONST. art. I, § 9 ("No person shall be . . . twice put in jeopardy for the same offense."). Both provisions prohibit multiple punishments imposed for the same offense and in the same proceeding. *State v. Womac*, 160 Wn.2d 643, 650-51, 160 P.3d 40 (2007) (quoting *In re Pers. Restraint of Percer*, 150 Wn.2d 41, 48-49, 75 P.3d 488 (2003)).

murder charges without following the calculation method prescribed by RCW 9.94A.589(1)(b).

¶9 RCW 9.94A.589 is the Sentencing Reform Act of 1981's controlling provision for whether the court can impose sentences for multiple current offenses consecutively or concurrently. Generally, the court must impose concurrent sentences unless the exceptional sentence provisions of RCW 9.94A.535 apply. RCW 9.94A.589(1)(a). But RCW 9.94A.589(1)(b) provides in part:

> Whenever a person is convicted of two or more serious violent offenses[3] arising from separate and distinct criminal conduct, the standard sentence range for the offense with the highest seriousness level under RCW 9.94A.515 shall be determined using the offender's . . . score and the standard sentence range for other serious violent offenses shall be determined by using an offender score of zero. . . . All sentences imposed under (b) of this subsection shall be served consecutively to each other.

¶10 Applying this section, Crumble argues that the trial court was correct in imposing a mandatory life sentence on the first attempted murder count, but on the second it should have calculated a standard range sentence using an offender score of zero instead of imposing a life sentence as a persistent offender.

¶11 The State responds that RCW 9.94A.589(1)(b) does not apply to Crumble at all because he is a persistent offender and RCW 9.94A.570 is "the exclusive statutory authority for sentencing a persistent offender." Br. of Resp't at 8 (citing *State v. Thorne*, 129 Wn.2d 736, 761, 921 P.2d 514 (1996)). We agree. It is undisputed that the trial court sentenced Crumble as a persistent offender, which means that "[n]otwithstanding . . . *any other provision of this chapter*," he must be sentenced to a term of total confinement for life without the possibility of release. RCW 9.94A.570 (emphasis added). This statute provides a parallel and superseding sentencing method to the calculation prescribed in RCW 9.94A.589(1)(b).

---

[3] Attempted murder in the first degree is a serious violent offense. RCW 9.94A.030(41)(a).

¶12 But the State also appears to assume that the trial court could have imposed Crumble's life sentences *consecutively* under RCW 9.94A.570; it argues that it was merely a "scrivener's error" for the court to omit RCW 9.94A.570 as the sentencing authority for doing so. Br. of Resp't at 10. But RCW 9.94A.570 says nothing about how to sentence multiple current "third strikes," much less whether sentences on those offenses should be served concurrently or consecutively.[4]

¶13 RCW 9.94A.589(1)(b) provides that "[a]ll sentences *imposed under (b) of this subsection* shall be served consecutively to each other." (Emphasis added.) The emphasized language suggests that only those sentences *calculated* under RCW 9.94A.589(1)(b) should be imposed consecutively. Because the calculation method of .589(1)(b) does not apply to persistent offenders, we apply the default rule that the court must impose concurrent sentences.

¶14 We vacate Crumble's convictions for first degree assault and remand for the trial court to impose concurrent life sentences without parole.

VAN DEREN, A.C.J., and QUINN-BRINTNALL, J., concur.

---

[4] The legislature may have omitted any discussion of concurrent and consecutive sentences because practically it makes no difference whether the court imposes life sentences without possibility of parole concurrently or consecutively. If one conviction is reversed or the sentence vacated, the defendant will start serving the other life sentence whether they are concurrent or consecutive. And if neither is reversed, a defendant who is ineligible for parole can never serve more than a single life sentence.